Electronically FILED by
Superior Court of California,
County of Los Angeles
8/27/2024 10:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

**Law Office of Sabrina L. Roque**
Sabrina L. Roque (SBN 297982)
916 Silver Spur Rd., Suite 201
Rolling Hills Estates, California 90274
Telephone: (310) 350-4912
Email: sabrina@sabrinaroque.com
*Attorney for Plaintiff*s, Chawki Kairouz and Kourtney Kairouz

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES—CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| **CHAWKI KAIROUZ,** an individual, and **KOURTNEY KAIROUZ**, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT G. LUNA, in his official capacity; and DOES 1-50, inclusive<br><br>Defendants. | Case No.: 24STCV21950<br><br>**COMPLAINT FOR DAMAGES**<br>1. **8TH AMENDMENT**<br>2. **RIGHT TO MEDICAL TREATMENT**<br>3. **CA GOV. CODE SEC. 845.6**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>5. **NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

PURPOSEFULLY LEFT BLANK

//

COMPLAINT FOR DAMAGES

COME NOW, CHAWKI KARIOUS, and KOURTNEY KAIROUZ, bring this action against Defendants Los Angeles County Sheriff's Department, Sheriff Robert G. Luna, in his official capacity, and DOES 1-50, inclusive, and makes the following allegations:

1. The Court has jurisdiction over this action: Defendants, and each of them, are located or reside in the State of California. Plaintiff Chawki Karouz, ("Charlie"), is a resident of the County of Los Angeles, State of California, and Plaintiff, Kourtney Kairouz is a resident of the County of Los Angeles, State of California.

2. At all times mentioned here and relevant, Charlie was under the custody of the Department of Corrections.

3. Charlie is a thirty-six year old male, who has suffered from Type 1 diabetes for the past eleven years ("11), approximately.

4. Charlie was placed in the care of Los Angeles County and Los Angeles County Sheriff for a short term pursuant to an unfortunate traffic accident.  I

5. n 2023, Charlie was driving home from an automobile dealership after purchasing a new vehicle. Upon entering an intersection a speeding car coming from a different direction caused a collision. The other driver was inebriated and did not have a seatbelt and passed away.

6. Mr. Kairouz was counseled to plea *nolo contendere* to avoid the prohibitive costs of litigation since the estate of the decedent had already sued the insurance in civil and was obtaining a large payoff. Sadly, the *nolo* plea required time in county jail.

7. Charlie's attorney informed the Court that Charlie had a severe case of diabetes and required the use of an insulin pump before turning himself in to the care of Los Angeles County to serve the *nolo condendere* plea time in jail.

COMPLAINT FOR DAMAGES

LAW OFFICE OF SABRINA L ROQUE
916 Silver Spur Rd., Suite 201
Rolling Hills Estates, California 90274
Tel. (310)350-4912

8. Before Charlie turned himself in to serve the 30-days Charlie's attorney informed the County and Los Angeles County Sheriff's Department that Charlie had a severe case of diabetes, which was so severe it required the use of an insulin pump.

9. In addition to the notices provided by his attorney, when Charlie turned himself in to the care of Los Angeles County, and Los Angeles County Sheriff's Department, Charlie was a conscientious advocate for himself as Charlie needs proper insulin management to live.

10. Despite countless pleas for proper insulin management, Charlie was ignored and shown deliberate indifference to his medical needs.

11. Within 4 days of entering the care and supervision of LA County Sheriff, Charlie had to be transported outside of the County facilities and be hospitalized at USC/County Medical on November 20, 2023, because his medical needs had been grossly mismanaged by the County, and Los Angeles County Sheriff's Department, through deliberate indifference to Charlie's medical insulin needs.

12. Nurses and attendants treated Charlie's pleas for proper insulin administration with callous disregard.

13. Charlie's pleas for medical assistance were ignored.

14. With great deliberate indifference to his diabetes condition, Charlie was given a "bag of sugar " when his medical condition was grave.

15. Under the care of Defendants, Charlie was given Narcan, 3 times (!).

16. Charlie suffered from mismanaged and inadequate medical care, even though he understood his medical needs and politely, and consistently advocated for them.

17. Defendant's mismanagement of Charlie's medical needs caused Charlie to experience a Diabetic ketoacidosis (DKA), which is characterized by uncontrolled

COMPLAINT FOR DAMAGES

hyperglycemia, metabolic acidosis, and increased body ketone concentration. It is a life-threatening complication of diabetes.

18. The mismanagement of Charlie's diabetes by Defendants also triggered a grand mal seizure.

19. Charlie was placed in a top bunk and when his seizure occurred was dragged from it to the floor causing injury to his head.

20. Charlie was left for long periods of time without care while he required emergency medical care.

21. Charlie was repeated given only peanut butter and jelly sandwiches as a meal, which aggravated his diabetes.

22. Charlie was not given insulin when he requested it even though he needed insulin administration to live.

23. Charlie was given inadequate amounts of insulin even though Charlie informed Defendants of his actual needs.

24. Charlie was incorrectly medicated.

25. Charlie was subjected to racial discrimination.

26. Charlie was under LA County Sheriff care for only 4 days and now has lasting effects from Defendant's deliberately indifference and inadequate medical care.

27. Charlie was put through cruel and unusual punishment, carrying with it emotional distress for himself and his wife and children.

28. Charlie suffers from nightmares and emotional distress, ptsd, and physical conditions as a result of his medical mistreatment while under the care of the Defendants.

29. Plaintiff's marital relationship had been adversely affected.

30. Charlie suffers from slurred speech and other neurological conditions as a direct consequence of Defendant's mismanagement and deliberate indifference, inadequate

COMPLAINT FOR DAMAGES

medical care and mismanagement of his diabetes while Charlie was incarcerated and under the care of Defendants.

31. Charlie suffers from numbness in the arms as a consequence of his injuries while under the care of the Defendants.

32. Defendants identified as DOES 1 through 50, inclusive, were and at all times mentioned in this ***complaint***, involved, and participated in the wrongful conduct which is the basis of this complaint. The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of defendants DOES 1 through 20, inclusive, are unknown to the Plaintiff at this time.

33. DOE defendants are sued by such fictitious names pursuant to the *Code of Civil Procedure § 474* and will seek leave of court to amend this ***complaint*** to show their true names and capacities when and if the same have been ascertained. Plaintiff is informed and believes, and based on that alleges at all times herein mentioned, each of the defendants sued herein as DOE was the agent, servant, representative, contractor, or employee of the defendants and each is responsible in some manner for the events and occurrences referred to and caused damages hereinafter alleged.

34. Plaintiff alleges, that each of the defendants, including DOES 1 through 50, inclusive, at all times mentioned in this ***complaint***, were each the agents, purchasers, authorized representatives or employees of each of the other remaining defendants, and in doing the things alleged in this ***complaint***, defendants were acting within the course, purpose and scope of their agency and employment, with the knowledge, consent, and express and implied permission of the other defendants.

35. Defendants acted in violation of the Los Angeles County Sheriff's Mission statement, which states: All individuals in custody with the Los Angeles County Sheriff's Department requesting or requiring medical services will be treated as patients with

COMPLAINT FOR DAMAGES

respect and dignity, and the highest level of care will be provided to those individuals. http://shq.lasdnews.net/pages/pagedetail.aspx?id=510.

36. Los Angeles County Sheriff's deplorable behavior is well known and rampant, so much so that "Some current and former medical staff members describe a working environment that is dysfunctional, abusive and detrimental to providing health care. One county health care worker calls the situation in the jails a daily "human rights disaster." " https://laist.com/news/criminal-justice/los-angeles-county-jail-medical-staff-outraged-by-jail-conditions.

37. California's prison medical system has been under direct management of a Receiver appointed by a federal court since 2006 because the state was found to be providing unconstitutional levels of care.

38. Plaintiff Kourney Kairouz, the wife of Charlie at all time witnessed the mistreatment of her husband and suffered emotion distress, and her marital relationship with Charlie has been adversely affected.

39. Kourney Kairouz suffered great distress when Charlie suffered from grand mal seizure and a severe life threatening DKA.

40. Kourney Kairouz was prevented by Defendants from having any communication with Charlie, she was not permitted to have medical updates on his condition. All this was extremely distressing to Kourney Kairouz as she was only aware something very bad happened to Charlie but Defendants refused to provide any information.

41. Plaintiffs filed their claims with the Los Angeles County Sheriff Department according to procedure and his claims were rejected.

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

42. At all times relevant to this Complaint, Plaintiff, Charlie, is a resident of Los Angeles County.

43. At all times relevant to this Complaint, Plaintiff, Kourney Kairouz, is a resident of Los Angeles County

44. Los Angeles County and Los Angeles County Sheriff's Department are entities in the County of Los Angeles and his claims were denied. See Exhibit 1.

## FIRST CAUSE OF ACTION
### Deliberate Indifference to Serious Medical Needs
### (Eighth and Fourteenth Amendment, [42 U.S.C. § 1983](#))
### (Plaintiff, Chawki Kairouz, v. All Defendants and Does 1 through 50, inclusive)

45. By this reference, Plaintiff incorporates paragraphs 1 through 44 above, as fully set forth herein.

46. The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the Los Angeles County Sheriffs Department, an agency of the County of Los Angeles and was sanctioned and approved by the Doe Defendants 1 through 50, inclusive.

47. Defendants, County of Los Angeles, Los Angeles County Sheriffs and Does 1 through 10, inclusive, acting under color of state law and through their policies, practices and customs, deprived Plaintiff, before and after his conviction, of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth and Fourteenth Amendment, by subjecting him, or allowing others to subject him, to deliberate indifference to Plaintiffs serious medical needs.

48. Defendants, and Does 11 through 50, inclusive, acting under color of state law in their individual capacity, deprived Plaintiff of the rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth amendment, by subjecting him, or through their deliberate indifference allowing others to subject him, to deliberate indifference to Plaintiffs serious medical needs.

49. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above.

50. Plaintiffs injuries entitle him to compensatory and punitive damages according to proof.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA STATE CONSTITUTION
(*California Constitution, Articles I, §§ 7, 13 and 17*)
**(Plaintiff, Chawki Kairouz, v. All Defendants and DOES 1-50, inclusive)**

51. By this reference Plaintiffs incorporate paragraphs 1 through 50, above, as fully set forth herein.

52. Defendants, County of Los Angeles, Los Angeles Sheriffs Department, Sheriff Robert G. Luna, in his official capacity, and Does 1 through 50, inclusive, acting under color of state law and through their policies, practices and customs, deprived Plaintiff of rights, privileges, and immunities secured by *Article I § 13 of the California Constitution*, by subjecting him, or through their deliberate indifference allowing others to subject him, to excessive force.

53. Defendants, County of Los Angeles, Los Angeles Sheriffs Department, Sheriff Sheriff Robert G. Luna, in his official capacity, and Does 1 through 50, inclusive acting under color of state law and through their policies, practices and customs, deprived Plaintiff, as detainee, of rights, privileges, and immunities secured by *Article I § 7 of the*

*California Constitution*, by subjecting him or allowing others to subject him, to deliberate indifference to Plaintiffs serious medical needs.

54. Defendants under color of state law and through their policies, practices and customs, deprived Plaintiff of rights, privileges, and immunities secured by *Article I § 17 of the California Constitution*, by subjecting him or through their deliberate indifference allowing others to subject him, to deliberate indifference to Plaintiffs serious medical needs.

55. As a direct and proximate cause of the aforementioned actions of the Defendants, Plaintiff was injured as set forth above, thereby entitling Plaintiff to damages, incidental and equitable relief under the California Constitution.

### THIRD CAUSE OF ACTION
(*Cal. Government Code § 845.6*)
**(Plaintiff, Chawki Kairouz v. All Defendants and DOES 1-50, inclusive)**

56. By this reference, Plaintiff incorporates paragraphs 1 through 55 above, as fully set forth herein.

57. Defendants knew or had reason to know that Plaintiff was in need of immediate medical care and failed to take reasonable action to summon and provide such medical care.

58. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above.

59. Plaintiff s injuries entitle him to damages pursuant to California *Government Code § 845.6*.

### FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Plaintiffs All Defendants and DOES 1-50, inclusive)**

COMPLAINT FOR DAMAGES

60. By this reference, Plaintiffs incorporate paragraphs 1 through 59 above, as fully set forth herein.

61. Defendants' conduct was extreme and outrageous, and caused Plaintiff Charlie and his wife, Kourney Kairouz to sustain severe emotional distress, all to Plaintiffs damage as hereinabove alleged.

62. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above.

63. Plaintiffs injuries entitle them to compensatory and punitive damages according to proof.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
**(Plaintiffs v. All Defendants and DOES 1-50, inclusive)**

64. By this reference, Plaintiffs incorporate paragraphs I through 63 above, as fully set forth herein.

65. The Defendants , inclusive, did not exercise ordinary care to ensure that Plaintiff would not suffer excessive force while in their custody, thus negligently breaching a duty owed to him and proximately causing his injuries as hereinabove alleged.

66. All the Defendants did not exercise ordinary care to ensure that Plaintiff, Charlie, would not suffer from deliberate indifference to serious medical needs thus negligently breaching a duty owed to him and proximately causing his injuries as hereinabove alleged.

67. Defendants negligently hired and supervised employees caring for Plaintiff Does 1-50, inclusive.

68. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above.

COMPLAINT FOR DAMAGES

69. Plaintiffs injuries entitle thems to compensatory and punitive damages according to proof.

**PRAYER FOR RELIEF**

70. WHEREFORE, Plaintiffs seeks judgment as follows:

1. Compensatory general and special damages in an amount of Ten Million Dollar ($10,000.00); and

2. Punitive damages against each of the individual Defendants in an amount sufficient to punish and to make an example of said Defendants, and to deter others from engaging in similar conduct in an amount of Ten Million Dollars ($20,000,000);

3. Reasonable attorney's fees, expenses, and costs; and

4. Such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

71. Plaintiff hereby demands a jury trial on all issues so triable.

Dated: September 27, 2024

Law Office of Sabrina L. Roque

*Sabrina Roque*

Sabrina L. Roque, Attorney for Plaintiff

COMPLAINT FOR DAMAGES

# **VERIFICATION**

I, CHAWKI KAIROUZ am A PLAINTIFF in the above-entitled action. I have read the foregoing and know the contents thereof.

**COMPLAINT FOR DAMAGES**
1. **8TH AMENDMENT**
2. **RIGHT TO MEDICAL TREATMENT**
3. **CA GOV. CODE SEC. 845.6**
4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
5. **NEGLIGENCE**

The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Los Angeles, California.

Dated August 27, 2024

_____
Chawki Kairouz, Plaintiff

COMPLAINT FOR DAMAGES

## VERIFICATION

I, KOURTNEY KAIROUZ am A PLAINTIFF in the above-entitled action. I have read the foregoing and know the contents thereof.

**COMPLAINT FOR DAMAGES**
1. **8TH AMENDMENT**
2. **RIGHT TO MEDICAL TREATMENT**
3. **CA GOV. CODE SEC. 845.6**
4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
5. **NEGLIGENCE**

The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Los Angeles, California.

Dated August 27, 2024

_____
Kourtney Kairouz, Plaintiff

COMPLAINT FOR DAMAGES

EXHIBIT 1
ADMINISTRATIVE DENIAL LETTERS

COMPLAINT FOR DAMAGES



Sedgwick
PL-COLA Program
Post Office Box 8397
Long Beach, California 90808

February 28, 2024

Law Office of Sabrina Roque
Attn: Sabrina Roque, Esq.
916 Silver Spur Road
Suite 201
Rolling Hills Estates, CA 90274

      Claimant(s) Name : Chawki Kairouz
      Claim Filed : 01/29/2024
      Sedgwick File No. : 6746 County File No.: 24-4421863     BOS No: 24-507

Dear Ms. Roque:

We are liability claims administrators for the County of Los Angeles. The above-referenced claim that you filed with the Los Angeles County Board of Supervisors has been referred to us for handling.

This letter is to inform you that the claim that you filed has been denied. Investigation of this matter fails to indicate any liability on the part of the County of Los Angeles, its officers, agents or employees. No further action will, therefore, be taken on this matter.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et. seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Questions with respect to this claim should be directed to Sedgwick PL-COLA Program, Post Office Box 8397, Long Beach, California 90808.

CS/ni

1B

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is P. O. Box 8397; Long Beach, CA 90808.

On 02/28/2024, I served the foregoing document described as:

- Denial of Claim

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Law Office of Sabrina Roque
Attn: Sabrina Roque, Esq.
916 Silver Spur Road
Suite 201
Rolling Hills Estates, CA 90274

XX   **(BY MAIL)** I placed such envelope with postage thereon fully prepaid in the United States mail at Long Beach, California.

_____   **(BY PERSONAL SERVICE)**
I caused such envelope to be delivered by hand to the offices of the addressee.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 02/28/2024 at Long Beach, California

_____
Nichole Iron



Sedgwick
PL-COLA Program
Post Office Box 8397
Long Beach, California 90808

February 28, 2024

Law Office of Sabrina Roque
Attn: Sabrina Roque, Esq.
916 Silver Spur Road
Suite 201
Rolling Hills Estates, CA 90274

    Claimant(s) Name  : Kourtney Kairouz
    Claim Filed       : 01/29/2024
    Sedgwick File No. : 6746 County File No.: 24-4421863    BOS No: 24-508

Dear Ms. Roque:

We are liability claims administrators for the County of Los Angeles. The above-referenced claim that you filed with the Los Angeles County Board of Supervisors has been referred to us for handling.

This letter is to inform you that the claim that you filed has been denied. Investigation of this matter fails to indicate any liability on the part of the County of Los Angeles, its officers, agents or employees. No further action will, therefore, be taken on this matter.

### **WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et. seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Questions with respect to this claim should be directed to Sedgwick PL-COLA Program, Post Office Box 8397, Long Beach, California 90808.

CS/ni

1B

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is P. O. Box 8397; Long Beach, CA 90808.

On 02/28/2024, I served the foregoing document described as:

- Denial of Claim

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Law Office of Sabrina Roque
Attn: Sabrina Roque, Esq.
916 Silver Spur Road
Suite 201
Rolling Hills Estates, CA 90274

XX   **(BY MAIL)** I placed such envelope with postage thereon fully prepaid in the United States mail at Long Beach, California.

_____  **(BY PERSONAL SERVICE)**
I caused such envelope to be delivered by hand to the offices of the addressee.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 02/28/2024 at Long Beach, California

_____
Nichole Iron